IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21cv144

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEIVY CHAVEZ a/k/a KAMILO CORREA, JHON F. PALACIO a/k/a RICHARD DIAMOND, SR., JOHN DOE a/k/a TOM JOWARSKI, KC PROMOTIONS a/k/a MIRACLE PROFITS, TJ ADS, and CS ENTERPRISES,<br><br>Defendants. | TEMPORARY RESTRAINING ORDER<br>AND ORDER TO SHOW CAUSE |

**THIS MATTER** is before the Court on the application of the United States for a temporary restraining order pursuant to 18 U.S.C. § 1345 (Doc. 1, the "Complaint"), and the Court, having considered the Complaint, and the materials submitted in support of the Complaint, including the Affidavit of Mark A. Heath and Exhibits thereto (Doc. 1-1) and the United States' Memorandum of Law in Support of Application for Temporary Restraining Order and Order to Show Cause (Doc. 1-2), the Court rules as follows:

1. There is probable cause to believe that the Defendants KEIVY CHAVEZ a/k/a KAMILO CORREA, JHON F. PALACIO a/k/a RICHARD DIAMOND, SR., JOHN DOE a/k/a TOM JOWARSKI, KC PROMOTIONS a/k/a MIRACLE PROFITS,

TJ ADS, and CS ENTERPRISES ("Defendants") are violating and are about to violate 18 U.S.C. § 1341.

2. The statutory conditions for granting a temporary restraining order under 18 U.S.C. § 1345 are therefore met;

3. Irreparable harm to the public is presumed in actions under 18 U.S.C. § 1345 where the statutory conditions are met. Nonetheless, even though a showing of irreparable harm is not necessary under Section 1345 in order to obtain injunctive relief, permitting the Defendants to continue to perpetrate the alleged extensive mail fraud would constitute irreparable harm, specifically, immediate and irreparable injury, loss, or damage, in the form of payments which will be received and dissipated by Defendants, will result to victims throughout the country before Defendants can be heard in opposition; and

4. Defendants' violations will continue unless a temporary restraining order is issued.

**IT IS THEREFORE ORDERED** that, pursuant to 18 U.S.C. § 1345, pending a hearing and determination on the United States' application for a preliminary injunction:

1. That Defendants, their agents, officers, and employees, and all other persons or entities in active concert or participation with them, are temporarily restrained from:

   (a) Committing mail fraud as defined by 18 U.S.C. § 1341 or violating 18 U.S.C. § 1302;

2

(b) Using the United States mail, or causing others to use the United States mail, to distribute any advertisements, solicitations, or promotional materials:

    i. That represent, directly or indirectly, expressly or impliedly that the recipient has won, will win, or will receive cash, awards, or prizes;

    ii. That represent, directly or indirectly, expressly or impliedly that the recipient will receive delivery of cash, awards, or other valuable prizes in return for payment of a fee;

    iii. That offer for sale information regarding sweepstakes or lotteries;

    iv. That represent, directly or indirectly, expressly or impliedly, that for payment of a fee the payor will receive delivery of an item or one of a number of items, when in reality the payor will receive nothing or will receive delivery of a different item, irrespective of whether the material contain a disclaimer or statement that the recipient will or may receive delivery of a different item;

    v. That represent, directly or indirectly, expressly or impliedly, that the recipient of the solicitation was specifically selected to receive the mailing based on a

reason other than the fact that the recipient's name appears on a mailing list; or

    vi.    That contain any other false or misleading representations;

(c) Using the United States mail to receive, handle, open, or forward any mail that responds, by sending payment or otherwise, to materials described in Paragraph (b), *supra*;

(d) Selling, offering for sale, leasing, or offering for lease any lists of U.S. residents or mailing lists of any type compiled from U.S. residents who have responded via the United States mail to any of the materials described in Paragraph (b), *supra*;

(e) Destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part by Defendants; and

(f) Maintaining and doing business through the use of websites or domains including but not limited to: https://5ozsilverandcash.com/, www.miracleprofits.net/8582 and www.morganmadness.com/2704.

2.    That <u>within two days</u> from Defendants' receipt of this Temporary Restraining Order, Defendants shall provide copies of this Temporary Restraining Order to all direct mailers, "dealers," list brokers, printer/distributors, mailing houses, and/or others with which they do business regarding the schemes and

materials described in the Complaint and Paragraph (b), *supra*, informing them <u>in writing</u> that they are subject to the Temporary Restraining Order as an entity or individual in active concert or participation with Defendants, and <u>within seven days</u> from Defendants' receipt of the Temporary Restraining Order, Defendants shall provide proof of such notice to the Court and the United States, including the name and addresses of the entities and/or individuals to whom the notice was sent, how the notice was sent, and when the notice was sent, and copies of all notice sent.

3. That the United States Postal Service is authorized to detain:

    (a) Any mail matter containing or consisting of envelopes sent in response to any of the materials described in Paragraph (1)(b), *supra*, that is directed to any address within the United States; and

    (b) Any of the materials described in Paragraph (1)(b), *supra*, and any substantially similar advertisements, solicitations, and promotional materials that are deposited into the United States mail by Defendants, their agents, officers, employees, or any other persons or entities in active concert or participation with them; and

4. That Defendants appear before this Court on Friday, April 16, 2021, at 10 am in a courtroom to be designated in the Charles R. Jonas Federal Building to show cause as to why a preliminary injunction should not be entered.

SO ORDERED.

Signed:

*[signature: Robert J. Conrad]*

Date and Time:

4.6.21 @ 2.50pm