IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21cv144-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KEIVY CHAVEZ a/k/a KAMILO CORREA, JHON F. PALACIO a/k/a RICHARD DIAMOND, SR., JOHN DOE a/k/a TOM JOWARSKI, KC PROMOTIONS a/k/a MIRACLE PROFITS, TJ ADS, and CS ENTERPRISES, <br><br> Defendants. | CONSENT ORDER AND PERMANENT INJUNCTION |

**THIS MATTER** is before the Court on the Joint Stipulation and Motion (Doc. No. 7: Joint Motion) of the United States and Defendants Keivy Chavez and Jhon F. Palacio for entry of a consent order permanently enjoining the Defendants, their agents, officers, and employees, and all other persons or entities in active concert or participation with them, from directly or indirectly assisting, facilitating, or participating in certain conduct as alleged by the United States in its Complaint for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (Doc. No. 1: Complaint) and as set forth in Paragraphs 3 and 4, *infra*.

**WHEREAS** on April 5, 2021, the United States filed a Complaint pursuant to 18 U.S.C. § 1345 alleging that there was probable cause to believe that Defendants had violated, were violating or were about to violate the mail fraud statute, 18 U.S.C.

§ 1341, and seeking entry of injunctive relief, including a temporary restraining order, and preliminary and permanent injunctions.

**WHEREAS** on April 6, 2021, the United States filed a Motion for Temporary Restraining Order and Order to Show Cause as to why the preliminary injunction requested by the United States should not be granted (Doc. No. 4: TRO Motion).

**WHEREAS** on April 6, 2021 at 2:50 p.m. the undersigned executed a Temporary Restraining Order and Order to Show Cause (Doc. No. 6) finding that there is probable cause to believe Defendants Chavez, Palacio, John Doe a/k/a Tom Jowarski, KC Promotions a/k/a Miracle Profits ("KC Promotions"), TJ Ads and CS Enterprises are violating and are about to violate 18 U.S.C. § 1341.

**WHEREAS** the Defendants Chavez and Palacio consent to entry of the proposed Consent Order and Permanent Injunction without an admission of liability or wrongdoing.

**WHEREFORE**, having considered the Complaint, the Joint Motion and the other pleadings of record, and, noting the stipulations and consent of the United States and Defendants Chavez and Palacio, including the certifications and attestations of Defendants contained therein, all of which are incorporated by reference as if fully set forth herein, the Court finds as follows:

1. The Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345, and venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2);

2. Defendants Chavez and Palacio have waived service of the Summons and Complaint;

3. That Defendants Chavez and Palacio, their agents, officers, and employees, and all other persons or entities in active concert or participation with them, directly or indirectly, individually or through the instrumentality or agency of other persons, partnerships, corporations or entities, including but not limited to KC Promotions a/k/a Miracle Profits, TJ Ads and CS Enterprises, are permanently prohibited, barred and restrained from using the United States mail, or causing others to use the United States mail, to distribute any advertisements, solicitations, or promotional materials:

    a. That represent, directly or indirectly, expressly or impliedly that the recipient has won, will win, or will receive cash, awards, or prizes;

    b. That represent, directly or indirectly, expressly or impliedly that the recipient will receive delivery of cash, awards, or other valuable prizes in return for payment of a fee;

    c. That offer for sale information regarding sweepstakes or lotteries;

    d. That represent, directly or indirectly, expressly or impliedly, that for payment of a fee the payor will receive delivery of an item or one of a number of items, when in reality the payor will receive nothing or will receive delivery of a different item, irrespective of

whether the material contains a disclaimer or statement that the recipient will or may receive delivery of a different item;

 e. That represent, directly or indirectly, expressly or impliedly, that the recipient of the solicitation was specifically selected to receive the mailing based on a reason other than the fact that the recipient's name appears on a mailing list; or

 f. That contain any other false or misleading representations.

And further:

 g. From using the United States mail to receive, handle, open or forward any mail that responds, by sending payment or otherwise, to the materials described in Sub-Parts (a)-(f) of this Paragraph;

 h. From selling, offering for sale, leasing, or offering for lease any lists of United States residents or mailing lists of any type compiled from United States residents who have responded via the United States mail to any of the materials described in Sub-Parts (a)-(f) of this Paragraph; and

 i. Destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part by Defendants;

4

Case 3:21-cv-00144-RJC-DSC   Document 8   Filed 04/15/21   Page 4 of 7

whether the material contains a disclaimer or statement that the recipient will or may receive delivery of a different item;

 e. That represent, directly or indirectly, expressly or impliedly, that the recipient of the solicitation was specifically selected to receive the mailing based on a reason other than the fact that the recipient's name appears on a mailing list; or

 f. That contain any other false or misleading representations.

And further:

 g. From using the United States mail to receive, handle, open or forward any mail that responds, by sending payment or otherwise, to the materials described in Sub-Parts (a)-(f) of this Paragraph;

 h. From selling, offering for sale, leasing, or offering for lease any lists of United States residents or mailing lists of any type compiled from United States residents who have responded via the United States mail to any of the materials described in Sub-Parts (a)-(f) of this Paragraph; and

 i. Destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part by Defendants;

4. That Defendants Chavez and Palacio, their agents, officers, and employees, and all other persons or entities in active concert or participation with them, directly or indirectly, individually or through the instrumentality or agency of other persons, partnerships, corporations or entities, including but not limited to KC Promotions a/k/a Miracle Profits, TJ Ads and CS Enterprises, are permanently prohibited, barred and restrained from advertising, soliciting or promoting the representations as described in Paragraph 3, *supra*, through the use of websites or domains including but not limited to: https://5ozsilverandcash.com/, www.miracleprofits.net/8_582 and www.morganmadness.com/2704;

5. That the United States Postal Service is authorized to detain:

   a. Any mail matter containing or consisting of envelopes sent in response to any of the advertisements, solicitations or promotional materials described in Paragraphs 3 and 4, *supra*, that is directed to any address within the United States; and

   b. Any of the advertisements, solicitations or promotional materials described in Paragraphs 3 and 4, *supra*, and any substantially similar advertisements, solicitations, and promotional materials that are deposited into the United States mail by Defendants, their agents, officers, employees, or any other persons or entities in active concert or participation with them;

5

6. That Defendants shall make a full refund to any individual who makes a claim, or files any complaint or report, with a federal or state agency, including the Federal Trade Commission or a state attorney general's office, or private consumer protection business, such as the Better Business Bureau, of or pertaining to Defendants' money making programs, solicitations and/or advertisements or business operations, as long as the claim, complaint and/or report is made within two years of entry of this Consent Order.

7. That the United States and Defendants Chavez and Palacio have conferred about and agreed as to the form and substance of this Consent Order and the entry of permanent injunction in the above-captioned matter; and

8. That the Court shall retain jurisdiction over this Consent Order and/or any subsequent action to enforce its terms.

**IT IS THEREFORE ORDERED THAT** the Joint Motion is **GRANTED**. Defendants, their agents, officers, and employees, and all other persons or entities in active concert or participation with them, directly or indirectly, individually or through the instrumentality or agency of other persons, partnerships, corporations or entities, including but not limited to KC Promotions a/k/a Miracle Profits, TJ Ads and CS Enterprises, are **PERMANENTLY ENJOINED** from the conduct as described in Paragraphs 3 and 4, *supra*. The Consent Order constitutes the final disposition of all claims between the United States and Defendants Chavez and Palacio in the above-captioned-action, and, finding that there is no just reason for

delay, the Court respectfully directs the Clerk of Court to enter final judgment as to Defendants Chavez and Palacio in accordance with the terms of this Consent Order.

**SO ORDERED.**

Signed:

Robert J. Conrad Jr
District Court Judge